UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES LEVOCI,

              Plaintiff,            :         05 Civ. 5604 (JSR) (JCF)

    -against-               :         **AMENDED COMPLAINT**

THE PRINCETON REVIEW,       :         **JURY TRIAL DEMANDED**

              Defendant.
-----------------------------------------------------------X

      Plaintiff, by his attorneys, Schnaufer & Metis, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action brought by plaintiff James LeVoci ("LeVoci" or "plaintiff") against his former employer, The Princeton Review ("TPR" or "defendant"). Plaintiff alleges that TPR unlawfully terminated plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. § 621 et seq; unlawfully discharged plaintiff because of his age in violation of New York Executive Law Article 15 ("New York Human Rights Law"), § 296 et seq; unlawfully discharged plaintiff on the basis of his age in violation of Title 8 of the Administrative Code of the City of New York ("City Human Rights Law"), § 8-107 et seq; and breached the employment contract it entered into with plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over plaintiff's ADEA claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over plaintiff's state and municipal law claims pursuant to 28 U.S.C. § 1367(a).

1

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) and (2) because the defendant resides in this district and because a substantial part of the events or omissions giving rise to these claims occurred in this district.

## THE PARTIES

4. The plaintiff is James LeVoci, a resident of the City of Scarsdale, County of Westchester, State of New York.

5. At all times relevant to this action, plaintiff was more than 40 years of age.

6. The defendant is the The Princeton Review. Upon information and belief, the defendant is a corporation that employs more than 500 employees. Defendant is in the business of, inter alia, selling admissions software to colleges and universities.

## FACTUAL ALLEGATIONS

7. Upon information and belief, in February 2004, defendant caused an advertisement for a position as Regional Sales Director for the New York Region to be published on the New York Times' web site.

8. In February 2004, plaintiff applied for the position as Regional Sales Director for the New York Region at TPR by submitting his resume to Richard Strattner ("Strattner"), who, upon information and belief, was employed as defendant's Assistant Vice President of Sales and Service for the New York Region at all times relevant to this action.

9. Upon information and belief, the New York Region encompasses the states of New York and New Jersey.

10. Upon information and belief, although plaintiff had applied for a position in the New York Region, plaintiff was asked to consider accepting a position as Regional Sales Director for the Mid-

2

Atlantic Region, which encompasses the states of Maryland, Delaware, Virginia, West Virginia, North Carolina, South Carolina, and the District of Columbia.

11. Upon information and belief, defendant has had historic difficulties in acquiring new clients in the Mid-Atlantic Region, and most of the current clients in the region were already assigned to other Regional Directors.

12. Plaintiff told defendant that plaintiff would be amenable to a position in the Mid-Atlantic Region on the condition that defendant allow plaintiff adequate time to develop a base of business in the region and become familiar with defendant's admissions software.

13. Upon information and belief, defendant told plaintiff that he would be given the time and support required to be successful in the Mid-Atlantic Region. Specifically, defendant promised that plaintiff would be allowed a minimum of one year to develop a base of business and to become familiar with the admissions software.

14. Upon information and belief, in February 2004, defendant offered to employ plaintiff as Regional Director of Sales for the Mid-Atlantic Region..

15. Upon information and belief, at the time that the offer of employment was extended, neither defendant nor Strattner knew that plaintiff was more than 40 years of age.

16. Plaintiff accepted the offer and commenced employment with defendant on February 23, 2004.

17. During plaintiff's first thirty days of employment, Strattner distributed a memorandum to TPR staff praising plaintiff for his successful sales efforts.

18. Upon information and belief, after Strattner and other employees of TPR discovered that plaintiff was more than 40 years of age, they began to discriminate against plaintiff by, inter alia,

3

severely limiting his opportunities for training, refusing to cooperate with his sales efforts, and requiring that Matt Doherty ("Doherty"), a former employee of TPR, accompany plaintiff during his meetings with clients and prospective clients.

19. Upon information and belief, defendant told plaintiff that plaintiff did not require much training or knowledge of the product to successfully sell the product.

20. Upon information and belief, Doherty was not actually an employee of TPR during the time period relevant to this action.

21. Upon information and belief, Doherty was less than 40 years of age at all times relevant to this action.

22. On or about July 5, 2004, Strattner met with plaintiff and discharged him from employment.

23. Upon information and belief, Strattner told plaintiff that Strattner derived personal enjoyment from the act of terminating plaintiff's employment and that plaintiff would be replaced by Doherty.

24. Upon information and belief, defendant did in fact hire Doherty to replace plaintiff.

25. On or about February 16, 2005, plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

26. Plaintiff received a Notice of Right to Sue from the EEOC dated March 31, 2005, a copy of which is annexed hereto as Exhibit 1.

### FIRST CLAIM FOR RELIEF

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. Defendant has discharged or otherwise discriminated against plaintiff with respect to his

compensation, terms, conditions, or privileges of employment because of plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

### SECOND CLAIM FOR RELIEF

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. Defendant has discharged or otherwise discriminated against plaintiff with respect to his compensation, terms, conditions, or privileges of employment because of plaintiff's age in violation of New York Executive Law, Article 15, § 296 et seq.

### THIRD CLAIM FOR RELIEF

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. Defendant has discharged or otherwise discriminated against plaintiff with respect to his compensation, terms, conditions, or privileges of employment because of plaintiff's age in violation of Title 8 of the Administrative Code of the City of New York, § 8-107 et seq.

### FOURTH CLAIM FOR RELIEF

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. Defendant breached the employment contract by terminating LeVoci's employment prior to the expiration of one year from the date LeVoci commenced employment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment:

A. On the First Claim for Relief against defendant for damages, including actual and punitive damages, in an amount to be determined at trial; and for reasonable attorney's fees, costs, and disbursements;

B. On the Second Claim for Relief against defendant for damages, including actual and

5

punitive damages, in an amount to be determined at trial; and for costs and disbursements;

C. On the Third Claim for Relief against defendant for damages, including actual and punitive damages, in an amount to be determined at trial; and for reasonable attorney's fees, costs, and disbursements;

D. On the Fourth Claim for Relief against defendant for damages, in an amount to be determined at trial; and for costs and disburements; and

E. Granting such further relief as this Court deems proper.

Dated: Hartsdale, New York
August 1, 2005

SCHNAUFER & METIS, LLP

By: _____
PETER METIS (PM 7214)
Attorneys for Plaintiff
200 North Central Avenue, Suite 200
Hartsdale, New York, 10530
(914) 288-9700

6

**Exhibit 1**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: James P. Levoci
17 Boulder Ridge Rd
Scarsdale, NY 10583

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

EEOC Charge No.: 160-2005-00722
EEOC Representative: Ricardo E. Jones, Investigator
Telephone No.: (212) 336-3778

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Spencer H. Lewis, Jr.,
Director

03/31/05
(Date Mailed)

cc: THE PRINCETON REVIEW
2315 Broadway, 2nd Floor
New York, NY 10024

Jackson Lewis LLP
Attorneys at Law
Attn: Felice B. Ekelman, Esq.
59 Maiden Lane
New York, NY 10038